UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARIO A. UMAYAM,<br><br>              Plaintiff,<br><br>vs.<br><br>AURORA LOAN SERVICES, LLC, a Nevada limited-liability company; U.S. BANK NATIONAL ASSOCIATION; and DOES I through X, inclusive,<br><br>              Defendants. | Case No.: 2:09-cv-00317-RLH-RJJ<br><br>**O R D E R**<br><br>(Motion to Dismiss–#5;<br>Motion to Remand–#9) |

Before the Court is Defendants Aurora Loan Services, LLC and U.S. Bank National Association's **Motion to Dismiss and to Strike Punitive Damages** (#5), filed February 24, 2009. The Court has also considered Plaintiff's Opposition (#10), filed March 16, 2009, and Defendant's Reply (#13), filed March 27, 2009.

Also before the Court is Plaintiff Mario A. Umayam's **Motion to Remand** (#9), filed March 11, 2009. The Court has also considered Defendant's Opposition (#12), filed March 27, 2009.

//

//

1

**BACKGROUND**

Plaintiff alleges that Aurora Loan Services ("Aurora"), holder of the promissory note secured by a first deed of trust on Plaintiff's home, wrongfully foreclosed on his property. When Plaintiff fell behind on his mortgage payments, he negotiated with Aurora to modify the existing agreement. Plaintiff alleges that Aurora promised not to foreclosure on the property during the negotiation process and that a modified agreement could be reached, preventing foreclosure altogether. On September 22, 2008, while Plaintiff believed negotiations were ongoing, Aurora foreclosed on the property. U.S. Bank National Association ("National") is the current owner of the property. Plaintiff claims that had he not relied on Aurora's promise, he would have begun bankruptcy or other proceedings to prevent foreclosure.

Plaintiff's Complaint, filed January 21, 2009, alleges five causes of action: (1) promissory estoppel; (2) unfair trade practices; (3) wrongful foreclosure; (4) misrepresentation, and (5) injunctive relief. On February 24, 2009, Defendants filed a Motion to Dismiss for Failure to State a Claim. On March 11, 2009, Plaintiff filed his Motion to Remand. For the reasons discussed below, the Motion to Remand is denied, and the Motion to Dismiss is granted in part and denied in part.

**DISCUSSION**

**I.   Motion to Remand for Lack of Diversity Jurisdiction**

The Court has original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a) (2006). "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Id.* § 1332(c)(1). Here, no one disputes the amount-in-controversy requirement is met, but Plaintiff argues the parties are not diverse. Plaintiff claims that because Aurora and National have significant contacts in the state, they should be deemed citizens of Nevada. The Court disagrees with Plaintiff's assertion.

It is well-established that a corporation "is not deemed a citizen of every State in which it conducts business or is otherwise amenable to personal jurisdiction." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). Aurora and National provide evidence their businesses are incorporated in Delaware and Minnesota, respectively. They also provide sufficient evidence to establish that Aurora's principal place of business is in Colorado and that National's principal place of business is in Minnesota. Plaintiff offers no evidence to contradict these assertions; instead, he merely avers that Defendants are licensed to do business in Nevada. Because Plaintiff provides no evidence that Defendants are citizens of Nevada, his Motion to Remand is denied.

**II.     Motion to Dismiss**

    **A.     First Claim: Estoppel**

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper when the Plaintiff "fail[s] to state a claim upon which relief can be granted." Defendants argue that Plaintiff's claim for estoppel fails as a matter of law since the Statute of Frauds requires that an agreement involving real property be in writing. Nev. Rev. Stat. 111.205, 111.210 (2006). However, an exception to the Statute of Frauds exists where the elements of promissory estoppel are met:

> (1) the party to be estopped must be apprised of the true facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; (4) he must have relied to his detriment on the conduct of the party to be estopped.

Pink v. Busch, 100 Nev. 684, 689 (1984); Restatement (Second) of Contracts § 139. Defendants claim Plaintiff lacks proof that any promise to stay foreclosure existed or that he sustained any injury. This is a factual assertion that does not justify dismissal: "It is well-established that questions of fact cannot be resolved or determined on a motion to dismiss for failure to state a claim upon which relief can be granted. . . . It is also well-established that a court must accept material allegations as true and construe them in the light most favorable to the appellant." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc*, 911 F.2d 242, 245 (9th Cir. 1990). Accepting

1  Plaintiff's allegations in the Complaint as true, Plaintiff has sufficiently stated a promissory
2  estoppel claim. Defendants' Motion to Dismiss is denied as to this claim.

### B. Second Claim: Unfair Trade Practices

Plaintiff admits his claim under Nevada Revised Statutes Chapter 598(d) for unfair trade practices lacks merit and acquiesces to its dismissal. The Motion to Dismiss is granted.

### C. Third Claim: Wrongful Foreclosure

Under the same rationale as the first claim, Plaintiff has sufficiently stated his claim for wrongful foreclosure. Because Plaintiff alleges that Aurora promised not to foreclose on the property, the Court denies Defendants' Motion to Dismiss this claim.

### D. Fourth Claim: Misrepresentation

Under Federal Rule of Civil Procedure 9(b), a party "alleging fraud or mistake . . . must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." To meet this standard, a pleader must state the time, the place, and the specific content of the false representation. *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Simply making "conclusory allegations of fraud" is insufficient. *Id.*

Plaintiff neither alleges an intentional or malicious misrepresentation by Defendants, nor does he specify the time, place, and nature of Defendants' alleged misrepresentation. Because the Complaint fails to satisfy the requirements of Rule 9(b), Plaintiff's misrepresentation claim is dismissed. Plaintiff's request for punitive damages, based on Defendant's alleged misrepresentation, is likewise dismissed.

### E. Fifth Claim: Injunctive Relief

Accepting Plaintiff's wrongful foreclosure allegations as true, Plaintiff may move for injunctive relief. The Court denies Defendants' Motion to Dismiss as to this claim.

//
//

AO 72
(Rev. 8/82)

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (#9) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss and to Strike Punitive Damages (#5) is GRANTED in part and DENIED in part as follows:

- the Motion is denied as to Plaintiff's first claim for promissory estoppel, third claim for wrongful foreclosure, and fifth claim for injunctive relief;
- the Motion is granted as to Plaintiff's second and fourth claims for unfair trade practices and misrepresentation.

Dated: July 9, 2009.

_____
**ROGER L. HUNT**
**Chief United States District Judge**